ROBERT FISHER and others, Appellants, v. THE MAYOR, &c., OF NEW YORK, Respondent.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

The statute (2 R. L., 418) which regulates street openings in New York, provides that the mayor, &c., shall pay, within a time named after confirmation of the report of commissioners, to the persons in whose favor any sum shall be estimated and reported, the said sums, or, after application therefor, be liable to suits for recovery thereof by those entitled, and also provides that when the names of the owners of lands taken shall not be set forth or mentioned in the report, it shall be lawful for the mayor, &c., to pay the sums reported into court.—*Held*, that no action would lie against the city for recovery of sums awarded to unknown owners by the commissioners' report, but a mandamus would issue to compel their payment into court.

APPEAL from a judgment entered on report of a referee, which was as follows, viz. :

"That in or about 1860, the defendants, being a municipal corporation, caused certain premises, belonging to the plaintiffs, numbered forty-seven on the damage map in proceedings for the widening of Worth street, on the southerly side, between Hudson and Baxter streets in the city of New York, to be taken for the purpose mentioned in the said proceedings, by virtue of the statute in such case made and provided. (Valentine's Digest, page 1193, § 178). The commissioners of estimate awarded to "unknown owners" the sum of $13,800 for the taking of the said lands as aforesaid."

"The defendants, in or about April, 1862, paid into this court the sum of $11,059.43, part of the said award, to the credit of "unknown owners," which said sum has been paid to the plaintiffs on their application."

"The defendants have neglected and refused to pay into this court the sum of $2,740.57, the residue of the said sum of $13,800 awarded as aforesaid, and the defendants claim to retain the said sum of $2,740.57 for the purpose of satisfying an assessment of $990 imposed on the said lands in 1837, for widening Center street in the said city, amounting with

interest at the time the said sum of $11,059.43, was paid into court to the sum of $2,740.57, which assessment at the time it was imposed constituted a lien upon the said land. The land was sold in 1838 for the collection of the said assessment, in proceedings instituted by the defendants for that purpose, to M. Dougherty for the term of 165 years for $1,115.34, the amount of the said assessment and expenses. The said Dougherty assigned the certificate of the said sale, issued to him by the defendants to Leonard Fisher, December 24th, 1840. Afterward, between 1850 and 1854, the common council of the said city, by resolution, ordered the money paid by said Dougherty, as aforesaid, to be refunded, and the said certificate of sale was returned by Leonard Fisher to the comptroller of the said city and canceled. The said Leonard Fisher was then in the possession of the said land, and owned a life estate therein under the will of his father."

" The plaintiffs at that time were the owners of an estate in the said land in remainder in fee, under the said will; the plaintiffs, except the administrators of Olive C. Hutchings, being the children of the said Leonard Fisher. The plaintiffs, at the time of the taking of the said land by the defendants, as aforesaid, were in the possession thereof, in fee, the said Leonard Fisher being then dead. Upon the record of the said assessment, under the column headed " when and by whom redeemed," the following entry is written : " Assessment paid January 3d, 1863, by the comptroller."

"And I do further find and report as my conclusions of law :

"1st. That the presumption of payment has arisen by lapse of time against the assessment imposed on said land in 1837, whereby the claim of the defendants as constituting a lien in respect thereof is barred."

" 2d. The plaintiffs have no cause of action under the foregoing facts for the lands taken, for the reason that the award is made by the report of the commissioners to " unknown owners," and the statute (Valentine Digest, page 1202, §§ 183 and 184), affords an action against the defendants, in favor only of the respective persons, etc., named in the report."

" 3d. The defendants are entitled to judgment against the plaintiffs, dismissing the complaint herein with costs."

The statute referred to in the referee's report is as follows, viz. :

" That the said mayor, aldermen and commonalty shall, within four calendar months after the confirmation of the report of the commissioners in the premises by the court, pay to the respective persons and bodies politic or corporate, mentioned or referred to in the said report, in whose favor any sum or sums of money shall be estimated and reported by the said commissioners, the respective sum or sums so estimated and reported in their favor respectively ; and in case of neglect or default in the payment of the same within the time aforesaid, the respective person or persons, or party or parties, in whose favor the same shall be so reported, his, her, or their executors, administrators or successors, at any time or times after application first made by him, her or them, to the said mayor, aldermen and commonalty, in common council convened, for payment thereof, may sue for and recover the same, with lawful interest, from and after the said application therefor, and the costs of suit, in any proper form of action, against the said mayor, aldermen and commonalty, in any court having cognizance thereof, and in which it shall be sufficient to declare generally for so much money due to the plaintiff or plaintiffs therein by virtue of this act, for premises taken for the purpose herein mentioned ; and it shall be lawful for the plaintiff or plaintiffs to give any special matter in evidence under such general declaration, and this act, and the report of the said commissioners, with proof of the right and title of the plaintiff or plaintiffs to the sums or sums demanded shall be conclusive evidence in such suit or action ; provided,

" That whenever the owners and proprietors of any such lands, tenements, hereditaments and premises, so to be taken for any of the purposes aforesaid, or the party or parties, person or persons interested therein, or any or either of them, the said owners, proprietors, parties or persons, in whose favor any such sum or sums or compensation shall be so reported,

shall be under the age of twenty-one years, *non compos mentis*, feme covert, or absent from the city of New York, and, also, in all cases where the name or names of the owner or owners, parties or persons entitled unto, or interested in any lands, tenements, hereditaments or premises, that may be so taken for any of the purposes aforesaid, shall not be set forth or mentioned in the said report, or where the said owners, parties or persons, respectively being named therein, cannot, upon diligent inquiry, be found, it shall be lawful for the said mayor, aldermen and commonalty to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owners, proprietors, parties and persons respectively, into the said Supreme Court of judicature, to be secured, disposed of, and improved, as the said court shall direct; and such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties and persons respectively, themselves, according to their just rights, if they had been known, and had all been present, of full age, discovert and *compos mentis : And provided also*, that in all and each and every case and cases, where any such sum or sums, or compensation so to be reported by the said commissioners in favor of any person or persons, or party or parties whatsoever, whether named or not named in said report, shall be paid to any person or persons, or party or parties whomsoever, when the same shall of right belong, and ought to have been paid to some other person or persons, or party or parties, it shall be lawful for the person or persons or party or parties to whom the same ought to have been paid to sue for and recover the same, with lawful interest and costs of suit as so much 'money had and received to his, her, or their use by the person or persons, party or parties respectively to whom the same shall have been so paid."

*Phillip S. Crooke*, for the appellant.

*Richard O'Gorman*, for the respondent.

Present—INGRAHAM, P. J.; CARDOZO and BARNARD, JJ.

Fisher v. Mayor of New York.

CARDOZO, J. I think this case was properly disposed of by the referee. The act of 1813, after providing by the 193d section as to awards made to persons by name, proceeds by the 194th section to provide as to awards to unknown owners, infants, &c. The design of the statute was plainly to protect the city from harassing actions and from payments to the wrong persons. It provides a perfect system.

As to those as to whom there could be no doubt, the payment was to be made direct to them, and in case of neglect to make the payment within the time allotted for that purpose, an action was authorized to be brought. (§ 193.) But as to unknown owners or infants, &c., as to whom the question of right to receive the award might be disputed and doubtful, the legislature designed to protect the city against a multiplicity of claimants and the hazard of payment to the wrong person, and therefore provided for bringing that money into court to be disposed of properly. If the city do not bring it into court, a mandamus may issue to compel the proper authorities to do so; but no action for the wrong can be brought against the city. No action is authorized by the statute, and it would defeat the object of the law, which plainly means to have the fund brought into court and the right to it as between all claimants for it, determined as in cases of claims to surplus moneys, &c., if any such action as the present were sustained.

Judgment affirmed.